IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. WILLIAMS, # B-89342,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-1416-JPG |
| | ) |
| **DR. CALDWELL,** | ) |
| **S.A. GODINEZ,** | ) |
| **WARDEN JAMES LUTH,**[1] | ) |
| **MRS. GEPHART, LT. GEPHART,** | ) |
| **C/O CASTLEMAN, C/O LEDBETTER,** | ) |
| **C/O KIOUSK, and C/O WILSON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a preliminary review of the First Amended Complaint (Doc. 12), pursuant to 28 U.S.C. § 1915A. Upon initial review of the original complaint, Plaintiff's claim designated as Count 1 against Defendants Caldwell, Godinez, Luth, and Unknown Party Health Care Employees, for deliberate indifference to his medical condition and denial of a transfer, was dismissed with prejudice for failure to state a claim (Doc. 11). Plaintiff was granted leave to file his amended complaint in order to pursue Count 2, which the Court identified as a potential claim against the officials who cut power to Plaintiff's CPAP breathing machine.

Plaintiff filed the amended pleading on February 27, 2015. Under § 1915A, the Court is required to review the amended complaint, and to dismiss any claims that are frivolous,

---

[1] Plaintiff refers to this Defendant in the First Amended Complaint as James "Luft." It is clear that Plaintiff is referring to the Warden of Vandalia, despite the inconsistent spellings of his surname.

malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

**The First Amended Complaint (Doc. 12)**

Plaintiff is a prisoner at Vandalia Correctional Center ("Vandalia"), where his claims arose. Plaintiff uses a CPAP machine at night to help with his breathing. Since October 2014, every morning around 7:00 a.m., Defendants Castleman, Ledbetter, Kiousk, and Wilson cut off the electrical power to the hot pot and microwave (Doc. 12, p. 7). They did this based on orders issued by Defendant Lt. Gephart. Plaintiff's CPAP runs off the same circuit or outlet, so the Defendants' actions cause the breathing machine to also stop running while Plaintiff is using it while resting or sleeping. He alleges that the cutoff of his CPAP machine deprives his brain of oxygen, threatens his health, and may aggravate his serious allergic condition. Plaintiff has filed numerous grievances over this problem, but they have either been denied or gone unanswered (Doc. 12, p. 6).

Plaintiff adds that he feels he is not getting adequate nutrition, because he may be eating foods to which he is allergic. He feels "malnutritioned [sic] and weak" (Doc. 12, p. 7). He has never been given an allergy test or a special diet to discover what foods might trigger his severe allergic reactions.

Finally, he states that Defendants Dr. Caldwell and Mrs. Gephart (nurse) lied about which medications had been administered to him to treat his allergic reactions. Contrary to what was stated in the medical records included with the original complaint, Plaintiff claims he was never given any intravenous solu-medrol or any corticosteroid. He was, however, given an epi-pen. Defendant Caldwell instructed Defendant Mrs. Gephart to give it to Plaintiff only if his throat swelled up and he was not able to breathe (Doc. 12, p. 8).

As relief, Plaintiff seeks compensatory damages, a medical transfer to a different facility, and discipline of the Defendants (Doc. 12, pp. 9-10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff's claim that Defendants Castleman, Ledbetter, Kiousk, Wilson, and Lt. Gephart were deliberately indifferent to his serious medical condition(s) when they repeatedly cut off the power to his CPAP machine, rendering it inoperable, survive review under § 1915A. This claim is designated as **Count 2**. The facts alleged in the First Amended Complaint suggest that these Defendants were informed of Plaintiff's serious medical need for the CPAP machine, yet persisted in a pattern of conduct that deprived him of the use of this medical device. Plaintiff may therefore proceed with this claim against Defendants Castleman, Ledbetter, Kiousk, Wilson, and Lt. Gephart.

However, the complaint does not implicate any other Defendants in Count 2. While Plaintiff lists Defendants Godinez (IDOC Director) and Warden Luth (or Luft) among the parties, he makes no mention of either of them in the statement of claim. He appears to believe that these administrators should be liable merely because of their role as supervisors over the state agency and the prison, respectively (Doc. 12, pp. 1-2). However, this is not the case. A prison official incurs liability in a civil rights action only if s/he is "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. Nothing in Plaintiff's factual statements suggests that either Defendant Godinez or Defendant Luth/Luft had any involvement in the decision, action, or practice of cutting off the electricity to Plaintiff's CPAP machine.

Likewise, Plaintiff does not allege that Defendant Dr. Caldwell or Defendant Mrs.

Gephart had anything to do with the electricity shutoffs. Therefore, Defendants Godinez, Luth/Luft, Caldwell, and Mrs. Gephart shall be dismissed from Count 2.

Plaintiff's other allegations – that he is being deprived of adequate nutrition, and that Defendants Caldwell and Mrs. Gephart lied about his medications – also fail to state any cognizable civil rights claim. A serious deprivation of food may amount to a constitutional violation. However, the brief facts Plaintiff offers are insufficient to suggest a problem of constitutional magnitude. Furthermore, he never identifies any prison official who might be aware of his nutritional concerns, yet failed to act to prevent serious harm to Plaintiff. Any claim relating to insufficient nutrition (designated now as **Count 3**) shall be dismissed without prejudice.

The new allegations against Defendant Caldwell and Defendant Mrs. Gephart relate back to **Count 1**, which has been dismissed with prejudice. Even if these Defendants did lie about what medicines Plaintiff received, that fact alone would not establish deliberate indifference to his medical condition. Plaintiff admits in the amended complaint that he was treated with an epi-pen on several occasions. Defendant Caldwell's order to use that medication "only" if Plaintiff's throat swelled up and impaired his breathing likewise does not suggest that he was deliberately indifferent. Instead, Plaintiff's statement evinces a disagreement with the doctor's medical judgment as to the appropriate use of this medication. Such a difference of opinion is insufficient to make out a constitutional claim. Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). The claim that Defendants Caldwell and Mrs.

Gephart lied about medications does not alter the Court's conclusion that Plaintiff failed to state a deliberate indifference claim upon which relief may be granted in Count 1. That claim shall remain dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) is referred to the United States Magistrate Judge for further consideration.

The "motion of amendment of summons and return" (Doc. 14), filed July 30, 2015, refers to the amended complaint, and inquires about the status of this action. This motion is **GRANTED,** in that the disposition of Plaintiff's amended pleading is reflected herein.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 1** remains **DISMISSED** with prejudice as ordered in Doc. 11.

Defendants **GODINEZ, LUTH/LUFT, CALDWELL,** and **MRS. GEPHART** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **LT. GEPHART, CASTLEMAN, LEDBETTER, KIOUSK,** and **WILSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 4, 2015**

*s/J. Phil Gilbert*
United States District Judge