IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT E. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:14-cv-1416-NJR-DGW |
| LT. GEPHART, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by Defendants on April 10, 2017 (Doc. 47). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Defendants served their first deposition notice upon Plaintiff on November 22, 2016, setting a December 13, 2016 deposition date (prior to the original December 23, 2016 discovery deadline). Plaintiff informed Defendants that he could not appear on that date. On March 1, 2017 (after the discovery deadline had been extended to March 17, 2017), Defendants served a second notice of deposition upon Plaintiff setting a deposition date of March 17, 2017 at the Attorney General's Office in Springfield, Illinois. Plaintiff failed to appear at the deposition and did not inform Defendants that he would not be appearing. Defendants incurred expenses in the amount of $150.00 for the missed deposition and filed the pending motion on April 10, 2017.

Plaintiff did not file a response to the motion to dismiss. On May 24, 2017, this Court issued an Order to Show Cause directing Plaintiff to inform the Court why this matter should not be dismissed and he should not be sanctioned $150.00. Plaintiff was warned that the failure to respond may result in dismissal of this action. The show cause deadline was June 7, 2017. Plaintiff has not responded to that Order.

### CONCLUSIONS OF LAW

The District Court enjoys broad discretion in imposing sanctions and "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002). Federal Rule of Civil Procedure 37(d)(1) provides that a party may be sanctioned for failing to appear at their deposition. The range of sanctions include those contained in Rule 37(b)(2)(A)(i)-(vi), which includes dismissal of an action, in addition to the payment of fees and reasonable expenses. Dismissal is considered a "harsh sanction and therefore its use should be limited." *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Sanctions imposed pursuant to Rule 37 must be reasonable and just; however, the Court is not required to impose the least severe sanction available. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001).

Plaintiff failed to appear at his duly noticed deposition, failed to inform Defendants that he would not appear, failed to respond to the motion to dismiss, and failed to respond to the Order to Show Cause. These failures, in addition to Plaintiff's apparent lack of prosecution of this matter, warrant dismissal with prejudice and imposition of costs, in the amount of $150.00, as a sanction.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**, that Plaintiff be sanctioned in the amount of $150.00 immediately payable to the Illinois Attorney General, and that this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 16, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**