# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-1416-NJR-DGW |
| | ) |
| **LT. GEPHART,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald Wilkerson (Doc. 50), which recommends granting Defendants' motion to dismiss for lack of prosecution and ordering Plaintiff to pay $150.00 to Defendants for costs incurred when Plaintiff failed to appear for his deposition.

On November 22, 2016, Defendants served Plaintiff with their first notice of deposition, setting Plaintiff's deposition for December 13, 2016. Plaintiff informed Defendants that he could not appear on that date. On March 1, 2017, Defendants served Plaintiff with their second notice of deposition, setting his deposition for March 17, 2017, at the Attorney General's Office in Springfield, Illinois. Plaintiff failed to appear for his deposition or otherwise inform defense counsel that he would be unable to attend. Defense counsel incurred expenses in the amount of $150.00 for the missed deposition.

Defendants still had not heard from Plaintiff by April 10, 2017, when they filed their motion to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 47). Plaintiff did not file a response to the motion to dismiss within the

thirty day timeframe. *See* SDIL-LR 7.1. On May 24, 2017, Magistrate Judge Wilkerson issued an Order to Show Cause directing Plaintiff to inform the Court by June 7, 2017, why this matter should not be dismissed and he should not be ordered to reimburse defense counsel in the amount of $150.00 (Doc. 49). Plaintiff was warned that the failure to respond may result in dismissal of this action (Doc. 49). Plaintiff did not file a response to the Order to Show Cause by the deadline. Consequently, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, and recommended dismissing this case for failure to prosecute and sanctioning Plaintiff in the amount of $150.00 immediately payable to the Illinois Attorney General (Doc. 50). Objections to the Report and Recommendation were due on July 5, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Plaintiff did not file an objection.

Where neither timely nor specific objections to the Report and Recommendation are made, the court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation, as well as the procedural history of this case, and agrees with his recommendation to dismiss this case with prejudice pursuant to Rule 41(b) for failure to prosecute. The undersigned disagrees, however, with Magistrate Judge Wilkerson's recommendation that Plaintiff should be sanctioned $150.00. Plaintiff was indigent when he filed this case (*see* Docs. 4, 6, 7, 10). He was released from prison during the course of this

litigation, and the undersigned would be surprised if his financial situation improved in any significant way since his release.[1] Furthermore, the undersigned does not know the specifics of why Plaintiff missed the deposition and stopped communicating with defense counsel and the Court. Without knowing the impact a monetary penalty would have on Plaintiff or whether his conduct in missing the deposition truly warrants a penalty, the Court is loath to impose such a penalty.

Accordingly, the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation (Doc. 50). Defendants' motion to dismiss (Doc. 47) is **GRANTED**, and this action is **DISMISSED with prejudice** pursuant to Rule 41(b) for failure to prosecute. The Court declines to order Plaintiff to pay Defendants $150.00 for costs incurred when Plaintiff failed to appear for his deposition.

**IT IS SO ORDERED.**

**DATED:  July 11, 2017**

_____
**NANCY J. ROSENSTENGEL
United States District Judge**

---

[1] *See, e.g.*, David J. Harding, et al., *Making Ends Meet After Prison,* 33 J. POL'Y ANALYSIS & MGMT. 440, 443, 450 (2014) (finding former prisoners who were the subject of a research study struggled considerably to meet even minimal needs for food and shelter and rarely achieved sustained economic security); CHRISTY VISHER, ET AL., URBAN INST., EMPLOYMENT AFTER PRISON: A LONGITUDINAL STUDY OF RELEASEES IN THREE STATES, p. 6 (2008), *available at* http://www.urban.org/sites/default/files/publication/32106/411778-Employment-after-Prison-A-Longitudinal-Study-of-Releasees-in-Three-States.PDF) (reporting that 55% of released prisoners studied in three states—Illinois, Ohio, and Texas—were unemployed eight months after release); Joan Petersilia, *When Prisoners Return to Communities: Political, Economic, and Social Consequences* (Nov. 2000), *available at* http://www.nationaltasc.org/wp-content/uploads/2012/11/When-Prisoners-Return-to-the-Community-Political-Economic-and-Social-Consequences-NIJ.pdf ("The majority of inmates leave prison with no savings, no immediate entitlement to unemployment benefits, and few job prospects. One year after release, as many as 60 percent of former inmates are not employed in the legitimate labor market.").